**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14279

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAMAAL A. HAMEEN,
    a.k.a. Charles Flowers,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00115-MMH-JBT-1

_____

_____

No. 22-12968

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAMAAL A. HAMEEN,
    a.k.a. Charles Flowers,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00115-MMH-JBT-1

————————————

Before NEWSOM, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jamaal Hameen was sentenced to 180-months' imprisonment and five years of supervised release for one count of "possession of a firearm by a convicted felon," in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, he presents a number of challenges to his conviction and sentence, only one of which we address here.

The first time we considered Jamaal Hameen's appeal, we rejected all seven of the claims he raised.  *United States v. Hameen*, Nos. 19-14279 & 22-12968, 2023 WL 6053541 (11th Cir. Sep. 18, 2023).  Hameen petitioned the Supreme Court for a writ of certiorari, and the Court granted his petition, vacated our opinion, and remanded for reconsideration in light of its decision in *Erlinger v. United States*, *Hameen v. United States*, 144 S. Ct. 2712 (Mem.) (2024), in which it had held that a *jury* must find beyond a reasonable doubt—rather than a *judge* by a preponderance of the evidence—that a criminal defendant's Armed Career Criminal Act ("ACCA")

predicate offenses were "committed on occasions different from one another," 602 U.S. 821, 834 (2024) (quoting 18 U.S.C. § 924(e)(1)). Because Hameen's seventh claim is the only one that implicates *Erlinger*, we address only that claim here and reinstate the remainder of our original opinion. With respect to Hameen's *Erlinger*-related claim, we conclude that although it was error for the judge—rather than the jury—to determine that his ACCA predicate offenses occurred on different occasions, the error was harmless. Accordingly, we affirm Hameen's sentence.

## I

### A

One evening in February 2018, Hameen was trespassing at a motel in a high-crime area of Jacksonville, loitering in front of one of the rooms at night to buy and use drugs. The motel manager saw him and told him to leave. Persistent, Hameen returned in the wee hours of the morning. Once again, the manager told him to leave. When Hameen refused, the manager flagged down a passing police car.

The officers tried to make Hameen leave and, when he wouldn't, they arrested him for trespassing. Hameen was argumentative and appeared to be intoxicated. In the course of effectuating the arrest, one of the officers reached for Hameen's arm and felt a firearm, so they took him to the ground. A loaded gun fell out of Hameen's jacket. Hameen was then taken into custody.

## B

As already noted, this case is back before us for reconsideration in light of the Supreme Court's holding in *Erlinger* that a jury must find beyond a reasonable doubt—rather than a judge by a preponderance of the evidence—that a defendant's ACCA predicate offenses occurred on different occasions. Because only the *Erlinger* issue is implicated here, we will narrow our description of the procedural history accordingly.

A grand jury indicted Hameen with a one-count violation of the felon-in-possession statute, 18 U.S.C. §§ 922(g)(1), 924(e). The indictment lists 15 predicate felonies from Hameen's rap sheet. It provides the nature of those crimes and the dates of conviction, but—as will be relevant for determining the existence of predicate crimes under *Erlinger*—it does not include the times or locations of the offenses, the names of other parties involved in the crimes (*e.g.*, the victims or accomplices), or whether any of the crimes were "a violent felony or a serious drug offense" for purposes of ACCA. *Id.* § 924(e).

On cross-examination at trial, Hameen admitted to 10 prior felony convictions. He confirmed (1) that he had prior felonies, (2) the nature of those crimes, and (3) the dates of those convictions. But he did not admit to—nor was he asked—the times when or locations where those crimes were committed, or who the other parties involved were. The government did not argue that any were violent felonies or serious drug offenses for ACCA purposes.

19-14279                 Opinion of the Court                    5

The Pre-Sentence Investigation Report ("PSR") determined that Hameen was subject to ACCA's sentencing enhancement. It lists three predicate offenses: (1) "Aggravated Assault - Deadly Weapon," committed on February 27, 1990; (2) "Sale or Delivery of Cocaine," committed on February 6, 2008; and (3) "Sale or Delivery of Heroin," committed on April 26, 2016. Dkt. No. 454 at 7–8.

Relying on the PSR, the sentencing judge found that the three predicate crimes were committed on three different occasions and applied the ACCA enhancement. That raised Hameen's sentence from a 10-year maximum to a 15-year minimum. 18 U.S.C. § 924(a)(2), (e)(1) (2006).

## II

We begin our analysis with *Erlinger*.[1]  There, the Supreme Court held that with respect to facts that "increase[] the prescribed range of penalties to which a criminal defendant is exposed," judges "may not assume the jury's factfinding function for themselves, let alone purport to perform it using a mere preponderance-of-the-evidence standard." *Erlinger*, 602 U.S. at 834. More particularly, the Court held that defendants subject to the ACCA enhancement are "entitled to have a jury resolve ACCA's [different-]occasions inquiry unanimously and beyond a reasonable doubt." *Id*. at 835.

---

[1] "[W]e review de novo whether prior offenses satisfy the different-occasions requirement." *United States v. Rivers*, 134 F.4th 1292, 1302 (11th Cir. 2025).

Here, the parties agree that there was error in this case, and so do we. The district judge determined for herself that Hameen committed his predicate offenses on different occasions and applied the ACCA enhancement to his sentence, inflating his prison term to ACCA's 15-year minimum. As *Erlinger* has since made clear, Hameen was entitled to have the jury make that call. 602 U.S. at 835.

The *Erlinger* Court left unanswered the question whether harmless-error review applied to *Erlinger* errors. *See id.* at 850 (Roberts, C.J., concurring); *see also id.* at 859–61 (Kavanaugh, J., dissenting). But we have concluded that it does. We held in *United States v. Rivers* that *Erlinger* errors are "not structural because [they] do[] not render the defendant's trial 'fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" 134 F.4th 1292, 1305–06 (2025) (citation omitted) (quoting *Neder v. United States*, 527 U.S. 1, 9 (1999)). Accordingly, *Erlinger* errors are subject to harmless-error review. *Id.* at 1306. Under that standard, "the government bears the burden of showing beyond a reasonable doubt that a rational jury would have found that the defendant's prior drug offenses all were 'committed on occasions different from one another.'" *Id.* (quoting 18 U.S.C. § 924(e)(1)).

So, then, we conduct the "fact-laden task," *Erlinger*, 602 U.S. at 834, of determining whether the government has met its harmless-error burden. The key facts bearing on the different-occasions inquiry are (1) the "times" that the crimes were committed in relation to each other, (2) the "locations" of the various crimes, and (3)

the "purpose[] and character" of Hameen's past crimes. *Rivers*, 134 F.4th at 1306 (quoting *Erlinger*, 602 U.S. at 835). Critically, in conducting its own different-occasions analysis, the *Rivers* panel consulted the PSR. *See id.* at 1301, 1307. And so, we think, we are likewise free to consult the PSR here—which, again, listed Hameen's three predicate offenses as (1) "Aggravated Assault - Deadly Weapon," committed on February 27, 1990; (2) "Sale or Delivery of Cocaine," committed on February 6, 2008; and (3) "Sale or Delivery of Heroin," committed on April 26, 2016. Dkt. No. 454 at 7–8.

*Erlinger* tells us that "no particular lapse of time . . . between offenses automatically separates a single occasion from distinct ones." 602 U.S. at 841. But the lapse in this case is glaring: This is, we think, one of the "many cases" in which "a single factor—especially of time[—]can decisively differentiate occasions." *Wooden v. United States*, 595 U.S. 360, 369–70 (2022). *Wooden* provides an important datapoint that anchors our analysis: "Courts . . . have nearly always treated offenses as occurring on separate occasions if a person committed them *a day or more apart*." *Id.* at 370 (emphasis added). Eighteen *years* passed between Hameen's first two predicate crimes, and eight *years* between the latter two. Particularly in light of *Wooden*'s "day or more" benchmark, it is simply inconceivable that any two of Hameen's predicate offenses were committed on the same occasion. Because of the excessive passage of time between Hameen's crimes, we have no difficulty concluding that the *Erlinger* error in this case was harmless.

### III

In sum, *Rivers* controls this case. Though we agree with both parties that it was error for the judge to find that the offenses occurred on different occasions by a preponderance of the evidence—rather than a jury beyond a reasonable doubt—the information contained in the PSR demonstrates that the error here was harmless. We **AFFIRM** Hameen's sentence.